J. W. POTTS *et al.*, Partners, trading under the firm name of F. S. Neal & Co. v. T. L. DULIN *et al.*

(Decided December 12, 1899.)

*Farmers' Alliance—Collateral Note—Equities.*

Where seven of the plaintiffs and thirteen defendants executed a promissory note for $5,000 to the agent of the Farmers' Alliance of Mecklenburg County, which was deposited as collateral security with the Commercial National Bank of Charlotte, for such sums as might be advanced in the conduct of a mercantile business, which failed, and the plaintiffs obtained the bank's interest in the note, 'in order that the contribution between all the signers, whether plaintiffs or defendants, may be properly adjusted in this action, the solvency or insolvency of the defendants should be ascertained, the insolvent eliminated from the number, and then the amount of their *pro rata* shares be apportioned equally between the plaintiffs who signed the note and the solvent defendants, the aggregate parts apportioned to the solvent defendants to be added to their original *pro rata* shares, and that will constitute the proper amount for which judgment should be rendered in this action.

CIVIL ACTION to recover a balance due on a promissory note of $5,000, tried before *Starbuck, J.,* in Superior Court of MECKLENBURG County, at Chambers, February 16, 1899, upon exceptions to report of referee. Judgment in favor of plaintiffs. Appeal by defendants.

The fact are stated by Justice MONTGOMERY, as follows:

The facts necessary to be stated to a proper understanding of this case were found by the referee, and are substantially as follows: For the purpose of enabling the Farmers' Alliance of Mecklenburg County to better conduct their mercantile business in Charlotte, twenty members of the Alliance (two from each sub-Alliance) executed their promissory note to F. S. Neal, agent, (found by the referee to be the agent

of the Alliance), to be deposited with the Commercial National Bank of Charlotte, as a collateral security for such sums as might be advanced on the faith of the collateral by the bank. F. S. Neal, one of the plaintiffs, was the agent of the Alliance for the conducting of its mercantile business. The bank advanced $3,800, under the agreement, without knowledge of any claims of offset or equities by the makers. The business of the Alliance failed, and F. S. Neal bought the remnants of the stock of goods. Then the bank, upon the back of the collateral note of $5,000, made the following endorsement: "This note is held as collateral security by the Commercial National Bank of Charlotte, N. C., for the following notes of F. S. Neal, agent: One dated November 23, 1891, on demand, $2,000; one dated December 1, 1891, on demand, $1,000; one dated December 10, 1891, on demand, $800, with interest from date, and in consideration of the payment to the bank of said sums aggregating $3,800, and interest, the Commercial National Bank assigns to Jos. McLaughlin, Trustee, all its interest in this collateral note and the said notes for $3,800, but without recourse on said bank. A. G. Brenizer, Cashier.

"February 11, 1892."

Credits were made by Neal out of funds of the Alliance upon the debt which reduced it to $2,780, on the 10th day of August, 1893, including interest. McLaughlin, who is now dead, was the trustee of the plaintiffs, who were partners, under the name of F. S. Neal & Co. The plaintiffs John Beatty, W. S. Caldwell, J. S. Cashion, R. H. Flow, J. C. Hutchinson, W. A. Alexander and J. W. Potts, and all of the defendants except J. W. Brown, administrator of Thomas H. Brown, were the persons who executed the note of $5,000. Thomas H. Brown, whose administrator is party-defendant, also signed the note. The Alliance at the time was engaged

in a marcantile or store business, and in a cotton business, the two being conducted separately; and that F. S. Neal, as agent of the Alliance, and in its behalf, agreed that all the goods purchased should go into the store and be a security for the $5,000 note; that they would be staple goods, such as would sell easily, in case the store business was closed; that the profits of the store would go to the payment of the debts made in the bank on the credit of the $5,000 note, and that the business would be conducted strictly on a cash basis; that in violation of this agreement, $1,080.69, at one time, and $321 at another time of the funds of the store were transferred to the cotton business, in which there had been a loss, without their consent; and that sales on a credit were made to the amount of $468.67, and that the agent had received as salary, or compensation for his services, the sum of $391.07 to which he was not entitled.

*Jones & Tillett,* and *Clarkson & Duls,* for appellants.
*Burwell, Walker & Cansler,* for appellees.

MONTGOMERY, J., after stating the facts.   This action is brought by the plaintiffs as a partnership, they alleging that they are the beneficial owners of the collateral note, and that it is unnecessary to join with them any person as the representative of the deceased trustee, and is for the recovery of the entire amount that was due by the Alliance for money borrowed from the bank, and mentioned in the complaint to be $2,780.20, with interest on $2,447.72 from the 10th day of August, 1893.

The plaintiffs' contentions on the trial below were that the note of $5,000 was a negotiable paper, and that as the bank took it without notice of any equities that might be claimed by the makers under the Law Merchant, the plaintiffs, as a

partnership, became, through McLaughlin, the trustee, the full beneficial owners of the note, and took it with the same rights against the makers which belonged to it in the hands of the bank, and that, therefore, they could recover the whole amount demanded in the complaint from the defendants.

The defense set up by the defendants was: First, that the amount due on the debts secured by the collateral note, as found by the referee, and alleged in the answer, was subject to credits of $1,080.69 and $321, because of the transference of those amounts from the mercantile business to the cotton business, without their consent, and to a credit of $468.67, because of goods sold on a credit by the agent, Neal, and which was lost, and for a further credit of $391.07, on account of a payment to himself as salary by the said F. S. Neal, to which he was not entitled, because F. S. Neal, one of the plaintiffs, had knowledge of those claims, and the knowledge of F. S. Neal of those claims of the defendants was knowledge to the other plaintiffs who were members of the firm of F. S. Neal & Co.

The defendants set up the further defense that if they were liable on the note in any form and for any amount, to F. S. Neal & Co., that then those of the plaintiffs who were joint makers of the note with the defendant were liable to contribute with the defendant their ratable parts to the payment of the debt.

The referee found, as matter of law, that the plaintiffs as partners took the note with full knowledge of the alleged equities of the defendants, because F. S. Neal, one of the partners, had knowledge of them, and because it was he who had procured the endorsement of the note to the firm by the bank, and the referee allowed, as credits on the plaintiffs' demand, the amounts of the alleged equities. The plaintiffs' exception to the finding of the referee was sustained by his

Honor, who held that the plaintiffs were entitled to recover the whole amount demanded by them, free from any alleged equities of the defendants.

Notwithstanding the favorable ruling of his Honor upon the plaintiffs' exception to the referee's finding of law, the plaintiffs moved for judgment against the defendants for thirteen-twentieths of the amount due upon the note (the number of the defendants being thirteen, and, as we have said, among the twenty signers of the note), and the judgment of the Court is in accordance with the motion, and contains the motion, which is in the following words: "The plaintiffs now move for judgment against the defendants for thirteen-twentieths of the amount due upon the note, this judgment to be without prejudice to the rights of F. S. Neal & Co., to recover against the seven signers of the note, other than the defendants, their proportionate part or share of the liability, and without prejudice also to the rights of the defendants hereafter to have contribution among themselves and the other signers of the note, if any one or more of them shall pay a sum in excess of his or their legal and equitable share of the liability upon the note. This motion ' is granted."

Then follows in the judgment the amount of the plaintiffs' recovery against the defendants, $1,807.13, with interest on $1,590.94 from August 10, 1893, at 8 per cent, and costs, the same being the defendants' contributive share.

The contention of the defendants as to the alleged shortcomings of F. S. Neal, the agent of the Alliance, upon which the equities set up by the defendants as credits are founded, could not be allowed. Such a proceeding would enable the defendants to throw upon those of the plaintiffs, who were signers of the note with the defendants and who had paid upon the note, a debt jointly due by them and the defendants,.

125——27

a grossly disproportionate share of a debt for which they were all in law and in equity equally liable. In other words, if the defendants' contention had been allowed, the plaintiffs, including seven of the signers of the note, would have had to answer for all the alleged shortcomings of Neal, the agent, when in law and equity all of the signers of the note were to bear them equally.

The defendants can not complain of the principle on which the judgment was rendered, and, it having been rendered on motion of the plaintiffs, we are relieved from the consideration of the questions of law insisted on in the court below by the plaintiffs. It is open, however, to the objection that the matter of contribution was not adjusted on a strictly equitable basis. It may be that some of the defendants are insolvent, and, if so, then those of the defendants who are solvent will be called upon to pay more than their *pro rata* share, and under the judgment they would be compelled to proceed in another action to adjust the matter between themselves and the plaintiffs who were signers of the note, and some of the plaintiffs, or all, might be found to be insolvent. The latter is not improbable, for the referee found that the partnership of F. S. Neal & Co. was insolvent. The defendants are therefore allowed, if they so desire, when the case goes back to the Superior Court, to have the matter of contribution between all of the signers of the note, whether they be plaintiffs or defendants, adjusted in this action either by a recommittal for that purpose to the referee or by consent of all parties. In that proceeding the solvency or insolvency of the defendants may be passed upon; those found to be insolvent eliminated from the number on account of their insolvency, (their elimination not to protect them of course against future demands for their rateable share if they should hereafter become solvent); and then the amounts of the *pro rata* shares

of the insolvent defendants be apportioned equally between the plaintiffs, who signed the note, and the solvent defendants, the aggregate parts apportioned to the solvent defendants to be added to their original *pro rata* shares, and that will constitute the amount for which judgment will be rendered in this action.

Modified and remanded.